## W. R. Givens, alias Billy Tate, v. The State.

### *No. 785. Decided November 25.*

Theft of Horse — Venue. — On a trial for horse theft, where it appeared that the horse was hired by the accused in the county of D., and sold by him in the county of G., *held*, that the offense was complete, and the venue thereof was properly shown in D. County, provided the evidence established that at the time of hiring defendant intended fraudulently to deprive the owner of its value and appropriate it to his own use, and that the hiring was only a pretext to obtain possession of the horse.

Appeal from the District Court of Denton. Tried below before Hon. D. E. Barrett.

The indictment contained two counts, one for theft and one for unlawful conversion by a bailee for hire. At the trial appellant was convicted upon the first count, with his punishment assessed at confinement in the penitentiary for a term of five years.

The evidence shows, that appellant hired the horse of one Miles, at Pilot Point, in Denton County, on the 7th of August, 1893, saying that he was going to Tioga, in Grayson County, which village is some five miles north of Pilot Point, and about two and one-half miles north of the Grayson County line.

He was to return the same evening at 4 p. m. At the time he hired the horse, appellant proposed to pay the amount of the hire, 50 cents, but the owner told him he could pay it upon his return. There is no evidence that appellant ever went to Tioga. About 5 o'clock the evening of the day he hired the horse, appellant reached Howe Station, in Grayson County, about thirty miles from Pilot Point, and sold the horse for $30, and claimed then that he had bought the horse at Roanoke, and had paid $65. He went from Howe Station to Sherman, after selling the horse, and was arrested on a telegram, at the latter place, that night. After his arrest he stated that he had bought the horse at Pilot Point, from a negro, for $65, and paid $33.50 down, and the balance was to be paid on his return, and that if he did not then decide to keep the horse he could return it, and pay a reasonable hire.

In applying the law of the case to the first count of the indictment, the court charged the jury as follows, viz.: " You are instructed, that if you believe from the evidence, beyond a reasonable doubt, that the defendant hired said horse from Rich Miles, and if at the time he did so he intended never to return said horse to Rich Miles, but that he intended to deprive said Miles of the value of said horse, and to appropriate said horse to defendant's own use and benefit; and if said Rich Miles did not consent for the defendant to take said horse with the intent to deprive the owner of its value and to appropriate it to defendant's own use and benefit, but only consented for the defendant to take said horse under the con-

tract of hiring; and if you are further satisfied, beyond a reasonable doubt, that the hiring of said horse by defendant, if he did hire it, was only a pretext to enable him to get possession of said horse, this would satisfy the allegation in the first count in the indictment, that said horse was taken without the consent of said Rich Miles, and you will so find."

The following instruction, requested by the defendant, was refused by the court, viz.: "If the defendant hired or borrowed the horse in Denton County, and had lawful authority to take said horse into Grayson County, and if defendant, after he got to Grayson County, appropriated said horse to his own use, then the defendant could not be convicted of theft of said horse in Denton County, and you must acquit him."

*A. G. Dawson* and *Sam H. Hoskins*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of the theft of a horse, and his punishment assessed at five years, from which judgment he appeals. The evidence shows that appellant hired a horse at Pilot Point, from a negro, to ride to Tiago, a distance of five miles. Tiago lies north from Pilot Point, in Grayson County. He was to return in four hours. Instead, he rode east, to Howe, situate in Grayson County, a distance of thirty miles from Pilot Point, and sold the horse. The indictment contains two counts, the first for theft, the second for fraudulently converting the horse, which came into his possession by virtue of a contract of hiring. Upon the first count the court instructed the jury, that if appellant hired the horse, but at the time intended never to return it, and intended to deprive the said owner of its value, and appropriate said horse to his own use and benefit, and the owner did not consent to such taking, but only to the hiring, and in fact the said hiring was only a pretext to enable appellant to get possession of said horse, this would authorize a conviction under the first count.

Appellant claims a reversal upon the grounds, first, that the court failed to charge the jury on the first count, upon which they convicted appellant, that to convict of theft, the horse must have been appropriated in Denton County; that is, if the horse was sold in Grayson County, it would not support a conviction for theft in Denton; second, that the evidence does not sustain the conviction under the first count. We think the charge as given was correct. The subsequent sale was but the consummation of the offense, which began at the moment appellant took possession of the horse, with the fraudulent intent then existing in his mind to deprive the owner of its value, and appropriate it to his own use. This "taking" was in Denton County, and it was immaterial, so far as

the jurisdiction of Denton County District Court is concerned, where the sale or disposition occurred. In regard to the second ground, we think the evidence clearly supports the verdict, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.